**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-2378

ZHOU JIE PLANT, individually and on behalf of all those
similarly situated; RAJ CHAUDHRY, individually and on behalf
of all those similarly situated; CHRIS PADDEN, individually
and on behalf of all those similarly situated; MAHBOD
HASHEMZADEH, individually and on behalf of all those
similarly situated; MARIA BRAS, individually and on behalf
of all those similarly situated; MARIA CISNEROS,
individually and on behalf of all those similarly situated;
HEEYON KIM, individually and on behalf of all those
similarly situated; HYUNSOOK KIM, individually and on behalf
of all those similarly situated; HAN HO KIM; JOON YONG AHN;
SUHEE CHRIS PARK; OLLIE AN HONG; SINTHIA KIM; MICHAEL G.
HUANG; LAI PENG CHAN; HYO YUN; SEUNG CHA CHO; SUNG HEE OH;
CHANG SUN LEE; KWAN SUN KIM; HOON JUNG PARK; JUNG DEOK CHOI;
YOUNG MIN SEO; YANG JA BAE; KANG HON LEE; KYONG EUN LIM;
YOUNG HOON JUNG; YOUNG SIN YOO; HEI SOOK YOO; RONNIE KIM;
JUNG N. CHO; ANNIE J CHO; JOO HO SONG; KYONG CHU ASHBY; SUNG
BUN JUNG; LYDIA COTTO; HYUNGHEE KIM; JENNIFER KIM; CYNTHIA
MOH; YANG JA KIM; JULIA KIM; KAREN SUN LEE; EUNJOO KIM; HYE
YON KO; TONGIL LEE; GIEL LEE; TIA YOUNG JOHNG; HAE SOOK YOO;
MALINI N RASWANT; YONG SUK STEVENSON; JIN O'NEILL; ORIOLE
O'NEILL; YANG KIM; SOON HAK KWON; JUNGHEE RO; AHLAM ABDEL
MEGUID SH ALDIN; YOO JIN PARK; KWANG Y CHOI; JERRY KIM;
JOUNG RAN KIM; JEONG EUI LEE; RYAN JIN LEE; RAHUL CHAUDHRY,
individually and on behalf of all those similarly situated,

Plaintiffs – Appellants,

AE JU LEE; DUSTIN HAN; CHIEN MING YEE; BYOUNG C CHO,

Parties-in-Interest – Appellants,

and

JESSICA PLANT; EUN SOO LEE; MINNA LEE; BONG HYUN YOO; CHANG
JEON LEE; SUN HEE SONG; CHANG HYO NA; SUNG HEE NA; CINDY S
JEONG; YUN OK CHOI; DORN TRANG; LEAH S HER; JAMES B LAL;
JEONGHE LAL; EUNICE CHA; NIKKI KIM; JI HEE NAM; HA IL CHUNG;

GLORIA EUNMI LIM; KELLY WU; CHUN WON HWANG; IL HWAN OH; UYN SON YANG; SOONAE JEON; STEPHEN GHANG; SONG C HO; JIIN KIM; LISA YOUNG HEE KIM; JUNG HAE KIM; KUM HEE KANG; KEVIN WU; JONG HUI LEE; OLIVIA SHANELLE KIM; EMILY SUNWOON KIM; SOON RYEAH LEE; SUNG HO LEE; SAE RHO MEE KIM; SUNGKYOON PARK; XIAO PEI YANG; SOK K YI; HYUNG MIN KIM; HYUNG NIM YI; JAE SUN PARK; YOUNG R CHANG; XIA JIN; JANICE S KO; LINDA T KO; ANH DOAN; SOON JA KIM,

        Plaintiffs,

      v.

MERRIFIELD TOWN CENTER LIMITED PARTNERSHIP, a Virginia limited partnership; UNIWEST GROUP, LLC; UNIWEST DEVELOPMENT, LLC; MICHAEL COLLIER; WALKER TITLE AND ESCROW COMPANY, INC.,

        Defendants – Appellees,

      and

MCWILLIAMS-BALLARD, LLC; JONNIE JAMESON; HAENG JA KIM,

        Defendants.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, Senior District Judge. (1:08-cv-00374-TSE-JFA; 1:08-cv-00566-TSE-TRJ)

---

Submitted: May 1, 2012          Decided: June 6, 2012

---

Before KING, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

John Connell Altmiller, Jr., PESNER KAWAMOTO CONWAY, PLC, McLean, Virginia; Alexander Laufer, EISENHOWER & LAUFER, PC, Fairfax, Virginia; Henry St. John FitzGerald, Arlington,

Virginia, for Appellants.  Edward W. Cameron, Sean P. Roche, CAMERON MCEVOY, PLLC, Fairfax, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The plaintiffs-appellants are purchasers of condominiums in Falls Church, Virginia.[1] Relying on the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. §§ 1701 et seq., they brought this action against the developer of the condominiums seeking rescission of their condominium sales contracts and the return of their purchase deposits. During the course of its thorough consideration of this protracted litigation,[2] the district court entered two orders that are the subject of this appeal. After carefully considering all of the parties' arguments, we affirm.

First, after warning the Fitzgerald appellants that their failure to comply with certain discovery orders could lead to sanctions including dismissal, the district court dismissed them from the case based on their continued noncompliance. Plant v. Merrifield Town Ctr. Ltd. Partnership, 711 F.Supp.2d 576 (E.D. Va. 2010) ("Plant I"). Applying the four factors set forth in Anderson v. Foundation for Advancement, Education &

---

[1] Although unified below, the plaintiffs-appellants have split into separate groups on appeal. One group ("the Altmiller appellants") is represented by John C. Altmiller and Alexander Laufer. The other group ("the Fitzgerald appellants") is represented by Henry St. John Fitzgerald.

[2] The pertinent factual background and procedural history of this case is set forth in Plant v. Merrifield Town Center Ltd. Partnership, 751 F.Supp.2d 857 (E.D. Va. 2010) ("Plant II"), and we need not restate it here.

4

Employment of American Indians, 155 F.3d 500 (4th Cir. 1998), the court found: (1) "bad faith is clearly evidenced by the repeated and flagrant disregard for the binding orders of the magistrate judge and plaintiffs' counsel's misrepresentation of material facts concerning plaintiffs' noncompliance with these orders;" (2) "the scope and length of the violations have clearly resulted in prejudice to defendants;" (3) "dismissal is necessary for purposes of deterrence;" and (4) "it is plain from the nature of the conduct in issue that a lesser remedy would be inadequate to provide a sufficient deterrent to noncompliant plaintiffs and their counsel from similar conduct in the future." Plant I, 711 F.Supp.2d at 587. The Fitzgerald appellants appeal this order.

We review a sanction dismissal order for abuse of discretion. Anderson, 155 F.3d at 504. A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law. United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009). Viewed under this deferential standard of review, we easily conclude that the court did not abuse its discretion by imposing this sanction.

Second, in Plant II, the district court entered summary judgment against the Altmiller appellants on their

5

ILSFDA claim, holding that they could not recover for the developer's failure to make certain ILSFDA-mandated disclosures. The court noted that because the Altmiller appellants did not seek automatic rescission under the ILSFDA in a timely manner, they were limited to the remedy of equitable rescission under 15 U.S.C. § 1709. The court found that the Altmiller appellants failed to establish, as a necessary element, that the developer's ILSFDA non-disclosures "were material in that they would have influenced a reasonable purchaser's decision to enter into the contract for sale." 751 F.Supp.2d at 866. As the court explained:

> [A]n evidentiary hearing revealed that the undisclosed information required by ILSFDA would have been well-known or unimportant to a reasonable purchaser of these relatively expensive condominiums in a well-established, affluent area of Fairfax. This result is unsurprising given that the purpose of ILSFDA was to prevent fraud in the sales of real property in more undeveloped areas, such [as] property in a flood plain or more than one hundred miles from the nearest fire station. A different result might have been obtained had sales of the property been located in some area where the information required by ILSFDA would likely have been objectively material. Given the lack of objective materiality, plaintiffs cannot demonstrate an entitlement to equitable rescission. Simply put, the circumstances of this case do not call for the exercise of the court's broad equitable powers in pursuit of "general fairness."

Id. at 875. All of the appellants appeal this order.

We review an order granting summary judgment de novo. Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006) (en banc).

6

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Based substantially on the reasoning of the district court, we conclude that the court did not err in granting summary judgment. See also Nahigian v. Juno-Loudoun, LLC, --- F.3d ---, 2012 Westlaw 1511815, *6 (4th Cir. 2012) (holding that materiality is a necessary element of an equitable rescission claim under ILSFDA).

Based on the foregoing, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED